**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4843**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

PEDRO VILLALONA-TORRES, a/k/a Pretty Boy,

            Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge.  (8:14-cr-00217-PWG-2)

Submitted:  November 19, 2020                    Decided:  November 23, 2020

Before WILKINSON, KING, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Justin Eisele, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Baltimore, Maryland, Gregory Bernstein, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pedro Villalona-Torres pled guilty, without a plea agreement, to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). The district court imposed a below-Guidelines sentence of 100 months' imprisonment. Villalona-Torres appeals, arguing that his sentence is both procedurally and substantively unreasonable. Finding no error, we affirm.

We review Villalona-Torres' sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first ensure that the court "committed no significant procedural error," such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, or inadequately explaining the sentence. *United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted). If we find the sentence procedurally reasonable, we also review its substantive reasonableness under "the totality of the circumstances." *Gall*, 552 U.S. at 516. We presume that a sentence within or below the Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018) (citation omitted). Villalona-Torres can only rebut the presumption by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Villalona-Torres first argues that the district court abused its discretion by denying him a reduction for acceptance of responsibility. U.S. Sentencing Guidelines Manual, § 3E1.1 (2015). Because the district court properly assessed a two-level enhancement for

2

obstruction of justice, USSG § 3C1.1, Villalona-Torres was not eligible for a reduction for acceptance of responsibility except in "extraordinary cases." USSG § 3E1.1 cmt. n. 4. We find that Villalona-Torres cannot make this showing. Next, Villalona-Torres asserts that the district court failed to consider all of his non-frivolous sentencing arguments. We have reviewed the transcript of Villalona-Torres' sentencing hearing and find that this argument is unsupported by the record. The court properly evaluated the relevant 18 U.S.C. § 3553(a) factors, considered the parties' arguments, and adequately explained its reasons for determining that a 100-month term was appropriate. We conclude that the district court met its obligation to "provide a rationale tailored to the particular case at hand and adequate to permit a meaningful appellate review," *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009). (internal quotation marks and citations omitted), and that Villalona-Torres' sentence is procedurally reasonable. Finally, we find that Villalona-Torres has failed to rebut the presumption of substantive reasonableness accorded his below-Guidelines sentence.

Therefore, we affirm Villalona-Torres' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*